(57 App. Div. 585.)

### PEOPLE v. BLASE.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

1. FORGERY—INCOMPETENT TESTIMONY—ADMISSION—WAIVER OF OBJECTION.
    Where defendant's attorney was cautioned by the court that his question on cross-examination would bring out incompetent testimony, and the attorney stated that he knew it was incompetent, but wanted it in the case because he did not want to prejudice the jury, objection to such testimony was waived.

2. SAME—EXHIBITS—OFFERING IN EVIDENCE.
    Where exhibits of railway tickets alleged to have been forged by defendant were proved and marked for identification, and testimony as to their genuineness was given by witnesses for both the state and defendant, and they were referred to and shown to the jury, and identified by defendant as tickets sold by him, the fact that they were not technically offered in evidence constitutes no grounds for reversing a conviction.

3. CRIMINAL LAW—ADMISSION OF TESTIMONY—FAILURE TO OBJECT.
    Where it was evident from the whole case that defendant was guilty, the admission of incompetent testimony without objection is not ground for reversing a conviction.

Appeal from court of general sessions, New York county.

William H. Blase was convicted of forgery, and he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

James W. McLaughlin, for appellant.
Charles Le Barbier, for the People.

RUMSEY, J. We shall examine the objections to this conviction in the order in which they appear on the appellant's brief.

It is first insisted that the judgment shall be reversed because of the misconduct of the district attorney, in that throughout the entire trial he persisted in making statements and remarks in the hearing of the jury which were prejudicial to the defendant, and that, as the evidence in the case was close, these statements must have been harmful to the defendant. We have examined this case carefully to find any such improper remarks or statements, but the record shows nothing of the kind, and there is no ground for any complaint upon this point.

It is said that the court erred in admitting improper testimony given by the witness Davidson, and in refusing to strike it out. All the testimony complained of was drawn out by the defendant's counsel upon his cross-examination of the witness, and that after he had been advised by the court that he had better not insist upon it. When the counsel's attention was called to the fact that he drew it out himself, he said that he knew it was incompetent, but wanted it in the case, as he did not want to prejudice the minds of the jury with regard to it. When he requested that the testimony should be stricken out, the court denied the motion for the reason that he brought it out himself, to which the counsel said: "Very well. That is all right." He took no exception, and we can see no ground for complaint with regard to this matter.

It is said that Exhibits B and C were not in evidence. These two exhibits were the forged railroad tickets. They were proved and marked for identification. It is evident that they were shown to the jury. Testimony was given with respect to their genuineness by the witnesses sworn by each party, and when it was objected that they had not been offered in evidence the court overruled the objection. It is quite clear that, although these two papers may not have been technically offered in evidence, yet they were considered to be in evidence by both parties, and referred to and shown to the jury. The defendant himself identified them as the tickets he sold, and the only question was whether the handwriting upon them was that of the defendant or that of his clerk. Clearly it would be improper to reverse the case for the reason that the papers were not technically offered in evidence, under the circumstances.

The counsel insists that, although no objection was taken to the ruling of the court refusing to strike out the evidence of Davidson, yet, as the evidence was incompetent, the court should reverse the judgment and order a new trial in the interest of justice. But that will only be done where it is apparent that the defendant has suffered substantial injustice as a result of the trial. Nothing of that kind appears here, but it is quite evident that the defendant was guilty, and no reason is seen for interfering with the conviction.

The judgment must therefore be affirmed. All concur.